1 BENJAMIN B. WAGNER
  United States Attorney
2 KYLE REARDON
  501 I Street, Suite 10-100
3 Sacramento, CA 95814
  (916) 554-2700
4 (916) 554-2900 FAX



FILED
APR 25 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | ) CASE NO. 2:11-CR-00327 MCE |
| Plaintiff, | ) |
| v. | ) **PLEA AGREEMENT** |
| TAMMY RENA BROWN, | ) Date: April 25, 2012 |
| | ) Time: 9:00 a.m. |
| Defendant. | ) Court: Hon. Morrison C. England |

I.

**INTRODUCTION**

A. **Scope of Agreement**: The Information in this case charges the defendant with a violation of 18 U.S.C. § 4, Misprision of a Felony. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1

B. **Court Not a Party:** The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this Plea Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.

### DEFENDANT'S OBLIGATIONS

A. **Guilty Pleas:** The defendant will plead guilty to the single count of the Information. The defendant agrees that she is in fact guilty of this charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

    1. **Waiver of Indictment:** The defendant agrees that, at the entry of plea proceeding, she will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

B. **Restitution**: The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. In addition to that restitution, the defendant agrees that the Court may order full restitution to any person who would qualify as a victim of a qualifying offense under 18 U.S.C. § 3663 or 3663A.

1  Payment should be by cashier's or certified check made payable to the
2  Clerk of the Court. Defendant further agrees that she will not seek
3  to discharge any restitution obligation or any part of such
4  obligation in any bankruptcy proceeding.

5  **C. Special Assessment:** The defendant agrees to pay a special
6  assessment of $100 at the time of sentencing by delivering a check or
7  money order payable to the United States District Court to the United
8  States Probation Office immediately before the sentencing hearing.
9  The defendant understands that this Plea Agreement is voidable by the
10 government if she fails to pay the assessment prior to that hearing.
11 If the defendant is unable to pay the special assessment at the time
12 of sentencing, she agrees to earn the money to pay the assessment, if
13 necessary by participating in the Inmate Financial Responsibility
14 Program.

15 **D. Agreement to Cooperate:** The defendant agrees to cooperate
16 fully with the government and any other federal, state, or local law
17 enforcement agency, as directed by the government. As used in this
18 agreement, cooperation does require the defendant: (1) to respond
19 truthfully and completely to all questions, whether in interviews, in
20 correspondence, telephone conversations, before a grand jury, or at
21 any trial or other court proceeding; (2) to attend all meetings,
22 grand jury sessions, trials, and other proceedings at which the
23 defendant's presence is requested by the government or compelled by
24 subpoena or court order; (3) to produce voluntarily any and all
25 documents, records, or other tangible evidence requested by the
26 government; (4) not to participate in any criminal activity while
27 cooperating with the government; and (5) to disclose to the
28 government the existence and status of all money, property, or

assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

If the defendant commits any crimes or if any of the defendant's statements or testimony prove to be knowingly false, misleading, or materially incomplete, or if the defendant otherwise violates this Plea Agreement in any way, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. The determination whether the defendant has violated the Plea Agreement will be under a probable cause standard. If the defendant violates the Plea Agreement, she shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury, false statements, and obstruction of justice. Because disclosures pursuant to this Plea Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant. Moreover, any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this Plea Agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of any such prosecutions. The defendant agrees to waive all defenses based on the statute of limitations or delay of prosecution with respect to any prosecutions that are not time-barred as of the date of this Plea Agreement.

If it is determined that the defendant has violated any

provision of this Plea Agreement or if the defendant successfully moves to withdraw her plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Plea Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Plea Agreement, or any leads derived therefrom, should be suppressed. By signing this Plea Agreement, the defendant waives any and all rights in the foregoing respects.

## III.

### THE GOVERNMENT'S OBLIGATIONS

**A. Dismissals:** The government agrees to move, at the time of sentencing, to dismiss without prejudice the pending Indictment as it relates to this defendant. The government also agrees not to reinstate any dismissed count except as provided in Parts II.D and VII.B of this Plea Agreement.

**B. Recommendations:**

    **1. Incarceration Range:** The government will recommend that the defendant be sentenced to up to three years imprisonment (the statutory maximum sentence authorized under the law).

    **2. Acceptance of Responsibility:** If the United States Probation Office determines that a reduction in defendant's offense level for her full and clear demonstration of acceptance of

responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under §3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

        3. **Reduction of Sentence for Cooperation:** The defendant has agreed to provide substantial assistance to the government. The government's agreement to dismiss the indictment against the defendant, and agreement to a plea to 18 U.S.C. § 4, Misprision of a Felony, fulfills all government obligations to make a recommendation for a sentence reduction pursuant to U.S.S.G. § 5K1.1 for that substantial assistance. The defendant understands that she must comply with Part II.D of this Plea Agreement. The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance. The defendant understands that the government is not required to make any recommendation for a sentence reduction depending upon the level of assistance the government determines that the defendant has provided. The defendant further understands that any motion the government might make for a sentence reduction pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court, that this Plea Agreement confers no right upon the defendant to require that the government make a § 5K1.1 motion, and that this Plea Agreement confers no remedy upon the defendant in the event that the government declines to make a § 5K1.1

motion. In particular, the defendant agrees not to try to file a motion to withdraw her plea based on the fact that the government decides not to recommend a sentence reduction or recommends a sentence reduction less than the defendant thinks is appropriate.

If the government determines that the defendant has provided further cooperation within one year following her sentencing, the government may move for a further reduction of her sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

**C. Limitation on Use of Information For Sentencing:** Other than as set forth above, the government agrees that any incriminating information provided by the defendant during her cooperation will not be used in determining the applicable guideline range, pursuant to U.S.S.G. § 1B1.8.

## IV.

### ELEMENTS OF THE OFFENSE

**A. Elements of the Offense:** At a trial, the government would have to prove beyond a reasonable doubt the elements of the offense to which the defendant is pleading guilty. Those elements are as follows:

1. The defendant had knowledge of the actual commission of a felony;

2. That felony was cognizable by the courts of the United States;

3. The defendant concealed her knowledge of that felony; and

4. The defendant did not report that felony to some judge or other person in civil or military authority under the United States.

## V.

## MAXIMUM SENTENCE

**A. Maximum Penalty:** The maximum sentence that the Court can impose is three years of incarceration, a fine of $250,000, a one year period of supervised release and a special assessment of $100. By signing this Plea Agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is <u>not</u> restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees that she will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**B. Violations of Supervised Release:** The defendant understands that if she violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to one additional year of imprisonment.

## VI.

## SENTENCING DETERMINATION

**A. Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S. 220 (VI), 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline

sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B. Stipulations Affecting Guidelines Calculation:** The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

**1. Offense Level:**

(A) Base Offense Level: The base offense level is nine levels lower than the offense level for the underlying offense, but in no case is lower than four nor greater than 19. U.S.S.G. § 2X4.1(a). In this case, the underlying offense is a violation of 18 U.S.C. § 1591, Sex Trafficking of a Minor between the Age of 14 and 18. The applicable guideline for that offense is found at U.S.S.G. § 2G1.3. The base offense level is 30. Id. at (a)(2).

(B) Specific Offense Characteristics:

i. Two levels are added because a participant unduly influenced a minor to participate in a sex act. Id. at (b)(2)(B).

ii. Two levels are added because the offense involved the commission of a sex act. Id. at (b)(4)(A).

(C) **Total Offense Level:** Pursuant to U.S.S.G. § 2X4.1, the total offense level for the violation of 18 U.S.C. § 4 is 19.

       2.   **Adjustments:** Acceptance of Responsibility: See paragraph III(B)(2) above.

       3.   **Adjusted Offense Level:** The parties anticipate that the adjusted offense level will be 16.

       4.   **Criminal History:** The defendant's criminal history will be determined by the United States Probation Office.

       5.   **Sentencing Range:** The defendant's sentencing range will be determined by the United States Probation Office.

       6.   **Departures or Other Enhancements or Reductions:** The parties stipulate and agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references. The defendant is permitted to make an argument in mitigation pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005) and 18 U.S.C. § 3553(a). The government may respond to that argument in mitigation.

## VII.

## WAIVERS

**A.   Waiver of Constitutional Rights:** The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives her a right to appeal his conviction and sentence. She agrees as part of her plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case, including a sentence of imprisonment of up to three years.

The defendant understands that an order of restitution may issue in this case. Such an order may include restitution to the victim's of the defendant's crime for necessary medical and related professional services, including physical, psychiatric, and psychological care; the cost of physical and occupational therapy and rehabilitation; and lost income. Knowing that restitution for such services may cost hundreds of thousands of dollars per victim, the defendant specifically gives up her right to appeal any order of restitution the Court may impose.

Regardless of the sentence she receives, the defendant also gives up any right she may have to bring a post-appeal attack on her conviction or his sentence. She specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking her conviction or sentence.

Notwithstanding the agreement in Part III.A above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate her plea, dismiss the underlying charges, or reduce or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this Plea Agreement; and (3) to file any new charges

that would otherwise be barred by this Plea Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision. In particular, she agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

**C. Waiver of Attorneys' Fees and Costs:** The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement and any charges previously dismissed).

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///

///

# IX.

## APPROVALS AND SIGNATURES

**A. Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Plea Agreement.

Dated: 4/25/12

TIMOTHY E. WARRINER
Attorney for the Defendant

**B. Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 4-25-12

TAMMY RENA BROWN
Defendant

///
///
///
///
///
///

C.  **Attorney for United States:** I accept and agree to this Plea Agreement on behalf of the government.

Dated: 4/25/12

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Kyle Reardon
KYLE REARDON
Assistant U.S. Attorney

**EXHIBIT "A"**

**Factual Basis for Plea**

The parties agree that if this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Starting no later than 2008, the defendant became aware that her daughter's were "pimping-out" minor females knowing that they would be caused to engage in prostitution. Starting in 2008, the defendant knew that a runaway was working as a prostitute for the defendant's daughter, Tynisha Hornbuckle. This victim, "P.H.," continued to work for Tynisha Hornbuckle until August 2011. During the time, the defendant knew that Tynisha Hornbuckle was also the pimp for other girls, including "A.He.," who was 17 years old when she started working for Tynisha Hornbuckle, and "A.Hi.," who started working for Tynisha Hornbuckle when she was 16 years old. Victim "A.He." also worked as a prostitute for the defendant's daughter Tamrell Hornbuckle. The defendant knew that "P.H." was a minor. Adult females that worked for Tynisha and Tamrell Hornbuckle included "A.He." (following her 18th birthday), Regina Burns, and Jackie Wade. This prostitution activity occurred in and around Sacramento, California, in the Eastern District of California.

The victims who worked as prostitutes generally gave money that they earned for engaging in commercial sex acts directly to Tynisha and Tamrell Hornbuckle. The defendant knew that her daughters made money as pimps, that is, they received the money that prostitutes earned. The defendant also knew that the females who worked for her daughters took orders from Tynisha and Tamrell about when to work, where to work, how much to charge, and with whom to do dates.

Dates were generally arranged through cell phone calls made to
phones controlled by Tynisha and Tamrell. The use of the cell phones
to engage in sex trafficking of minors, or through force, fraud, and
coercion was in and affecting interstate commerce. Dates would also
occasionally take place at local motels. These motels were often
near major interstates, and they served interstate travelers.

         The defendant was aware that it was a crime to prostitute a
minor. In spite of this fact, the defendant concealed her knowledge
of the crime and did not report that felony to a judge or other
person in civil or military authority under the United States.