1  BRUCE LOCKE (#177787)
   Moss & Locke
2  800 Howe Avenue, Suite 110
   Sacramento, CA 95825
3  (916) 569-0667
   (916) 569-0665 fax
4  Attorneys for
   TYNISHA HORNBUCKLE
5

6                IN THE UNITED STATES DISTRICT COURT

7              FOR THE EASTERN DISTRICT OF CALIFORNIA

8  UNITED STATES OF AMERICA,      )    No.   CR. S-11-327 MCE
                                  )
9              Plaintiff,         )
                                  )    TYNISHA HORNBUCKLE
10                                )    SENTENCING MEMORANDUM
      v.                          )
11                                )
   TYNISHA HORNBUCKLE, et al.,    )
12                                )
               Defendants.        )
13 _____)

14       Tynisha Hornbuckle, by and through her undersigned attorney, hereby files her Sentencing

15  Memorandum.

16       If the Court does not sustain the four formal objections that the defendant has previously

17  raised, Ms. Hornbuckle requests that the Court treat the formal objections as requests for variances

18  from the Guideline sentence because the enhancements that the defendant is objecting to overstate

19  the defendant's culpability and do not constitute a valid reason for increasing the defendant's

20  sentence under the standards set forth in 18 U.S.C. § 3553.

21       Additionally, the defense requests that the Court vary from the Guideline ranges as

22  determined by the Guideline Manual because the Guidelines were not based upon empirical studies

23  of past sentences but were rather arrived at by setting the range based upon the mandatory minimum

24  sentence set by Congress. Additionally, the enhancement that occurs by reason of § 2G1.3(b)(4),

25  which states "If (A) the offense involved the commission of a sex act or sexual contact; or (B)

26  subsection (a)(3) or (a)(4) applies and the offense involved a commercial sex act, increase by two

27  levels" effectively results in double counting because a person cannot be guilty of violating 18

28

29                                              1

U.S.C. § 1591 without having caused a victim to engage in commercial sex.

Finally, the defense requests that the Court vary from the Guidelines because, as reflected in the Pre-Sentence Report, the defendant's family background and her difficult and tragic childhood contributed substantially to her becoming involved in prostitution.

The defendant's mother had the first of her four daughters at the age of 18 and by the age of 23 she had four daughters under the age of 5. The defendant's father did time in jail, abused her mother, did not provide child-support, and physically abused two of the defendant's sisters. (Par. 103.) Both of the defendant's parents were arrested for drug use; her father four times and her mother once for selling crack cocaine. There are records at Child Protective Services of two substantial referrals in regards to the defendant and her family - one involving physical abuse by the father and one involving general neglect by the mother due to drug sales by the mother. (Par. 110.)

The defendant's mother required the defendant and her sisters to earn money to contribute to the family's expenses by selling candy to their friends at school. Later the mother required the dedefendant to sell marijuana at school. The mother provided the drugs. (Par. 102.)

When the defendant reached the age of 16, her mother introduced her to Felicia Mock, a local woman who was a prostitute and who worked other girls. (Ms. Mock is currently awaiting sentencing in state court.) The defendant's mother wanted her daughter to learn how to run a prostitution business so that she could make more money for the family.

The defendant was raped by a male relative of her father's at the age of 7. (Par. 105.)

At the age of 14, the defendant began running away from home because she could not stand to be with her mother for any extended period of time.

Although the defendant is woefully under-educated, she is the smartest, most organized and industrious of her sisters and, since beginning in the prostitution business, she has provided some of the support for her sisters and her mother. Since being incarcerated, the defendant has actively pursued her high school diploma and she is on schedule to graduate from the program at the Nevada County Jail in August of 2012. We submit that the defendant's demonstrated productivity in pursuing her High School diploma while in the Nevada County Jail demonstrates that she can

become a useful and productive citizen.

The defendant stands before this Court facing a mandatory minimum sentence of 10 years. She is here because she lacks the education to make productive use of her natural intelligence and because her childhood was so terrible and chaotic. She did not finish High School and her lack of education made her ineligible for any good job. Her mother introduced her to drug dealing and prostitution because she could use her organizational skills and natural intelligence to make money in these two illegal occupations.

The defendant has had anger management issues most of her life. These are probably the direct result of the abuse she suffered as a child. The defendant has also abused alcohol and drugs since a very early age, again as a means of dealing with her substantial personal problems.

The defendant turned 23 on July 27, 2012. She committed the instant offense between the ages of 19 and 22. At this young age, she is now facing a minimum of 10 years in prison.

We submit that the defendant has the intelligence and the internal grit to become a productive citizen. She is smart but under-educated. She will be able to take advantage of education classes in prison and she should be able to take advantage of the 500 hour drug program. She is young enough to live a good and productive life if she gets an education in prison and learns to control her emotions and life-style.

In this case, all of the women who worked as prostitutes for the defendant had already chosen to engage in prostitution before they met the defendant. They all chose to work with the defendant because she presented a better way of life than what they had been experiencing before they met the defendant. In this respect, the victims are actually very much like the defendant in their background and history. They all have had chaotic childhoods with abuse and drugs being a major part of their family life. They all have run away from home to avoid further abuse or neglect. The defendant did not recruit any women or girls who were not already engaged in prostitution.

We submit that the defendant was a relatively low-level organizer of prostitution in Sacramento. When her punishment is considered in light of the strictures of 18 U.S.C. § 3553, we submit that a sentence of 10 years is more than sufficient to take into account the nature and

circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, the need to deter criminal conduct, the need to protect the public from the defendant, and the need to provide the defendant with needed educational training and correctional treatment.

DATED: August 2, 2012            /S/ Bruce Locke
                                                BRUCE LOCKE
                                                Attorney for Tynisha Hornbuckle