BENJAMIN B. WAGNER
United States Attorney
KYLE REARDON
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700
(916) 554-2900 FAX

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | CASE NO. 2:11-CR-00327 MCE |
| Plaintiff, | |
| v. | **GOVERNMENT SENTENCING MEMO** |
| TAMMY BROWN, | |
| Defendant. | |

The United States of America, by and through the undersigned attorneys, respectfully submits this Sentencing Memorandum for defendant Tammy Brown.  For the reasons stated herein, the United States asks the Court to impose a sentence of 36-months imprisonment, to be followed by a three-year term of supervised release.

I. BACKGROUND

On July 28, 2011, the Grand Jury returned an indictment charging the defendant with conspiracy in violation of 18 U.S.C. § 371, and multiple counts of sex trafficking of minors in violation of 18 U.S.C. § 1591.  On April 25, 2012, the defendant pleaded

guilty to an Information charging a violation of 18 U.S.C. § 4, Misprision of a Felony. C.R. 102.

II. SENTENCING CALCULATION

A. Statutory Maximum Sentence

The maximum sentence that may be imposed for a violation of 18 U.S.C. § 1512(b) is up to three years imprisonment, a fine of $250,000, and a one-year period of supervised release.

B. Sentencing Guidelines Calculation

The Probation Officer determined that the total offense level was 16. PSR at ¶82. The criminal history category was determined to be I. Id. at 85. The Probation Officer found the guideline range to be 21 to 27 months. Id. at 117.

C. The Probation Officer's Recommended Sentence

The Probation Officer recommends a 36-month sentence, to be followed by a one-year term of supervised release.

III. GOVERNMENT'S RECOMMENDATION

The United States asks the Court to impose a sentence of 36-months imprisonment, to be followed by a one-year term of supervised release. An upward departure from the guideline range is warranted in this case pursuant to U.S.S.G. § 5K2.0(a)(1). In this case there exist aggravating circumstances of a kind, and to a degree, not adequately taken into consideration by the sentencing guidelines.

Moreover, this sentence serves the sentencing goals of 18 U.S.C. § 3553. In particular, this sentence is appropriate given the entirety of the defendant's criminal conduct, and the need to promote deterrence. Id. at (a)(2)(A), (B). The sentence also properly considers the nature and circumstances of the conduct in

this case, and the history and characteristics of the defendant. Id. at (1).

The United States concurs with the reasoning provided by the Probation Officer in support of her recommended sentence. Of particular concern to the United States was the defendant's active participation in the sex trafficking crimes of her daughters. The defendant allowed her daughters to use her residence in furtherance of their sex trafficking activities, fully aware that the victims of her daughters' crimes were children. Furthermore, in spite of her own history as a victim of abuse, the defendant made no apparent attempt to protect others who themselves were being victimized.

A 36-month sentence will send a strong message to the community that will deter others from engaging in similar conduct. Moreover, such a sentence will cause others to think twice about sitting silently by while a minor is victimized.

Finally, a 36-month sentence is necessary in order to avoid an unwarranted sentencing disparity with the co-defendants in this case. The defendant received a significant benefit by pleading to an Information, reducing the maximum sentence that she could receive to three years. Given the defendant's relative culpability when compared to her codefendants, a 36-month sentence is entirely appropriate.

///
///
///
///
///

IV. CONCLUSION

For the reasons stated herein, the United States asks the Court to impose a sentence of 36-months imprisonment to be followed by a one-year term of supervised release.

DATED: December 3, 2012         Respectfully Submitted,

                                BENJAMIN B. WAGNER
                                United States Attorney

                            By: */s/ Kyle Reardon*_____
                                KYLE REARDON
                                Assistant U.S. Attorney